**L. C. HOLLEY et ux., et al., Appellants,**

v.

**John L. CORBELL, Appellee.**

**No. 4286.**

Court of Civil Appeals of Texas.

Eastland.

June 20, 1969.

Rehearing Denied July 11, 1969.

John Bradshaw, Graham, for appellants.

Clark C. Wren, Stephenville, for appellee.

WALTER, Justice.

John L. Corbell recovered a judgment against L. C. Holley, Willia Holley, Elmer E. Bryant and Oliver Loving on a promissory note for $4,495.35. The defendants have appealed.

At the outset we are confronted with the appellee's objections to the appellants' points. The points are somewhat general, but when considered in the light of the statement and argument, we can determine the question presented. We will consider the points. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478.

L. C. and Willia Holley were in the egg business and Elmer Bryant and Oliver Loving were in the feed business. All of the defendants signed the note sued upon. The note is dated Sptember 9, 1965, and in the principal amount of $3,428.00.

The defendants went to trial on their third amended original answer. They pleaded that the consideration for the note sued upon was 4,724 layer pullets which were to be used for commercial egg production; that after they executed the note they discovered that they had bought some sick chickens; that Corbell represented the chickens to be healthy and suitable for layer hens; that such representations were false and such fraud induced them to sign the note. The Holleys pleaded that they paid $8,428.00 for the chickens and they were not worth over $500.00. The Holleys also asked for damages for feed, medicine, equipment and labor, and then in their prayer they asked for cancellation of the note for fraud and asked that they have judgment for their damages.

The jury found all the fraud issues in favor of the defendants. But to the special issue asking what sum of money would fairly and reasonably compensate the Holleys for their labor in caring for the chickens, they answered, none.

The appellants present three points as follows:

"1. The judgment entered by the trial court is erroneous and contrary to the law because the jury found that fraud was present in inducing the signing of the note.

2. If the judgment against defendants L. C. and Willia Holley is correct the judgment entered by the trial Court against Defendants Elmer Bryant and Oliver Lov-ing is erroneous and contrary to law because two separate sets of fraud issues were submitted and those concerning Defendants Bryant and Loving were not qualified in any manner as were those issues concerning Defendants Holley, and the jury found fraud was present in inducing the signing of the note.

3. The Court erred in considering and not disregarding the answer to Special Issue No. 8 in entering Judgment."

The jury found that the Holleys offered to return the chickens to Corbell in cancellation of the note in the Fall of 1965; that such offer was made within a reasonable time after delivery of the chickens; that Corbell refused to accept the chickens but that the Holleys demanded of Corbell that he pay the feed bill then incurred prior to redelivery of the chickens.

The appellants' pleadings demonstrate that they were standing on their bargain and seeking to recover damages for fraud and also seeking rescission. In their third amended original answer, we find that the Holleys in their prayer ask for a cancellation of the note by reason of the fraudulent representations of the appellee, Corbell. They do not plead that they have offered to return the chickens nor the proceeds from the sale of the eggs from these chickens.

The case was tried and submitted to the jury both on the theory that the appellants were standing on their bargain and seeking damages for fraud and rescission. The only issues submitted to the jury which could be construed as submitting the defense of rescission were found against the appellants.

The Supreme Court in Dallas Farm Machinery Company v. Reaves, 158 Tex. 1, 307 S.W.2d 233 (1957), at page 238 and 239, said:

"The two conflicting lines of authority may not be distinguished on the ground that different remedies are sought, that is, that some are suits for damages and others are actions for rescission, for it is well settled that one who is induced

by fraud to enter into a contract has his choice of remedies. 'He may stand to the bargain and recover damages for the fraud, or he may rescind the contract, and return the thing bought, and receive back what he paid.' Blythe v. Speake, 23 Tex. 429, 436 (Reprint 421, 428); Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S. W. 1034, 258 S.W. 462, 463, 51 A.L.R. 1."

■ The appellants' contention that the judgment is "erroneous and contrary to the law because the jury found that fraud was present in inducing the signing of the note" cannot be sustained. The appellants asked for rescission and for damages alternatively and tried their case and submitted it to the jury on both theories. The Holleys are not entitled to recover on the verdict for damages because the jury found that they had sustained no damages for labor and only $171.00 for veterinary treatment and medicines. These were the only damage issues submitted and no point is presented that they were improperly submitted or answered.

■ The Holleys are not entitled to rescission because they have failed to secure findings on the issue that they offered to return the sick chickens unconditionally. Also the evidence shows, without dispute, that the Holleys received approximately $3,000.00 from the sale of eggs produced from these chickens.

In Minneapolis-Moline Company v. Purser (1962, writ ref. n. r. e.), Tex.Civ.App., 361 S.W.2d 239 at page 246, the court said:

"A buyer desiring to rescind his contract must return the goods he has received. This rule is based upon the proposition that before a rescission can be granted the parties must be placed in status quo. 'The tender must include not only all the goods received by the buyer from the seller, but also the value of any benefit that he may have derived from the possession.' 37–A Tex.Jur. pp. 646, 647. The only evidence of tender is that appellee told appellant to 'come and get it'. Even if such could be regarded as a 'tender', appellant could not have been placed in status quo after the tractor had been used for over two years by appellee. It cannot be questioned that appellee derived substantial value from the tractor after such prolonged period of use, and we believe, under these circumstances, that appellee was not in a position to say that he was entitled to a rescission. In 37–A Tex.Jur. p. 655, the rule is correctly announced that a buyer will be deemed to have ratified the contract and to have waived his right of rescission whenever it appears that, after discovering the existence of such right, he has made an extended use of the goods. See also Bancroft v. Emerson-Brantingham Implement, Tex.Civ.App., 194 S.W. 991."

The appellants Bryant and Loving were seeking rescission and cancellation of their note on account of fraud. The jury found that Corbell represented to Bryant and Loving that the chickens were in a healthy condition; that such representation was false; that such representation was material, and that Bryant and Loving relied on such material false representation. Bryant and Loving are not entitled to rescission and cancellation of their note because they have not pleaded, produced evidence and secured appropriate findings that they offered to return the sick chickens. They are not entitled to cancellation for the same reason the Holleys are not entitled to cancellation.

■ Appellants contend the court erred in considering the jury's answer to issue number eight. We find no objections to the court's charge in the record. Although the judgment does not affirmatively show that the court considered said issue, the appellants are in no position to complain because they do not present a point that such issue was improperly submitted.

We have considered all of appellants' points and find no merit in them. They are overruled. The judgment is affirmed.