TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00518-CV






Teal Construction Company/Hillside Villas Ltd., Appellants



v.



Darren Casey Interests, Inc.; Hillside Villas Ltd./Teal Construction Company, Appellees







FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT


NO. 99-1305, HONORABLE DON B. MORGAN, JUDGE PRESIDING







 In this case, we review the application of an arbitration clause in a construction
contract. After a dispute arose between Hillside Villas, Ltd. ("Hillside"), the owner, and Teal
Construction Company ("Teal"), the contractor, over change orders involving an apartment
project, Hillside filed a tort lawsuit claiming fraud, fraudulent inducement, and negligent
misrepresentation. After answering, Teal filed a motion to compel arbitration. The trial court,
in its order, found that the parties had entered into a binding arbitration agreement, but severed
Hillside's claim of fraudulent inducement and ordered the parties to trial on that claim. Teal
appeals that portion of the trial court's order retaining the fraudulent inducement claim for trial
and abating arbitration until judgment is entered on that claim. Hillside appeals that portion of
the trial court's order declaring that the construction contract contained a valid arbitration clause. 
We will affirm that portion of the order declaring that the contract contained a valid arbitration
clause, but we will reverse and remand that portion of the order retaining the fraudulent
inducement claim for trial.


BACKGROUND

 Hillside is a San Antonio limited partnership engaged in property development in
Texas. Teal is a construction contractor based in Houston. Teal entered into a contract with
Hillside in January 1999 to construct Phase II of the Hillside Ranch Apartments, located in San
Marcos. Phase II consisted of three buildings containing sixty apartment units. The apartments
were to be used primarily for housing students at a local university.

 In the fall of 1999, during the latter stages of the project, a dispute arose between
the parties regarding performance and payment under the contract. Teal had submitted unpaid
change orders totaling over $700,000, for which it sought payment. Hillside refused payment,
contending that the construction contract contained a guaranteed maximum price of $2.28 million
and that Teal's change orders would exceed the construction budget by approximately thirty-three
percent. Teal sought to mediate the dispute pursuant to the terms of the contract. Hillside refused
to mediate unless Teal withdrew its claim for change orders. Teal refused and on November 16
Hillside filed this lawsuit.

 In its original petition, Hillside alleged claims of fraud, fraudulent inducement, and
negligent misrepresentation. Although Hillside filed several amended petitions, its basic
contentions have remained the same. Hillside claimed that it entered into the contract with the
understanding that it was a guaranteed maximum price contract, subject only to additions and
deductions made by valid change orders. Hillside alleged that after execution of the contract, Teal
fraudulently deleted a term that protected Hillside from charges that would exceed the guaranteed
maximum price. In other words, Hillside alleged that the parties negotiated a guaranteed
maximum price of $2.28 million, and that after the contract was executed Teal deleted a term,
changing the contract into a cost-plus contract without a guaranteed maximum price. In addition,
Hillside alleged that during construction Teal missed deadlines, performed in a substandard
manner, and submitted change orders that were not approved by Hillside or the architect. In
response, Teal filed a general denial and a motion to stay the litigation and compel arbitration. 

 After several hearings and a failed court-ordered mediation, the trial court entered
a final order that is the subject matter of this appeal. First, the court found that the arbitration
clause contained in the general conditions was validly incorporated into the parties' contract. 
Second, the court severed Hillside's claim for fraudulent inducement and retained it for trial. 
Finally, the court ordered that all disputes arising out of performance of the contract were
compelled to arbitration after judgment was entered in the fraudulent inducement trial. From this
order, Teal brought both an interlocutory appeal and a mandamus action. (1) Hillside cross appeals,
challenging the trial court's determination that the arbitration clause was validly incorporated
within the contract.


DISCUSSION

The Arbitration Clause

 Hillside argues that the trial court erred in finding a valid agreement to arbitrate
between Teal and Hillside. An unmodified, American Institute of Architects ("AIA"), standard-form contract does not contain an arbitration clause within its four corners. The AIA, standard-form, general-conditions document does contain an arbitration clause. Hillside and Teal,
however, signed a modified, AIA, standard-form contract that incorporated by reference the
general-conditions document.

 An unsigned paper may be incorporated by reference in the contract signed by the
party sought to be charged. Owen v. Hendricks, 433 S.W.2d 164, 166 (Tex. 1968). The specific
language used is not important so long as the contract signed by the defendant plainly refers to
another writing. Id. An arbitration agreement is not invalid or unenforceable merely because it
is contained in a document incorporated into the contract by reference. D. Wilson Constr. Co.
v. McAllen Indep. Sch. Dist., 848 S.W.2d 226, 230 (Tex. App.-Corpus Christi 1992, writ dism'd
w.o.j.).

 Page one of the contract signed by Hillside states that "AIA Document A201-1997,
General Conditions of the Contract for Construction, is adopted in this document by reference." 
This statement plainly refers to the general conditions containing the arbitration clause. The trial
court correctly determined that the arbitration clause was validly incorporated within the contract. 
Hillside's cross appeal is overruled.


Enforcement of the Arbitration Clause

 We next address Teal's contention that the trial court erred by not ordering the
entire dispute to arbitration. The Texas Supreme Court has expressed a strong policy preference
for enforcing arbitration clauses. Capital Income Properties-LXXX v. Blackmon, 843 S.W.2d 22,
23 (Tex. 1992). A party seeking to compel arbitration must establish the existence of an
arbitration agreement and show that their claims fall within the scope of that agreement. In re
Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999). Once a claim within the
arbitration agreement has been established, the burden shifts to the other party to demonstrate a
legal basis for avoiding arbitration. Id. Such grounds include fraud, waiver, or
unconscionability. Dallas Cardiology Assocs. v. Mallick, 978 S.W.2d 209, 212 (Tex.
App.-Texarkana 1998, writ denied). There is ample case law stating that claims of fraud relating
to the making of the contract are subject to arbitration. See Prima Paint Corp. v. Flood &
Conklin Mfg. Co., 388 U.S. 395, 404 (1967); Blackmon, 843 S.W.2d at 23.

 The leading case on this issue is Prima Paint, in which the United States Supreme
Court held that the federal courts may not consider claims of fraud in the inducement of a contract
that contains a valid arbitration agreement. Prima Paint, 388 U.S. at 404. The court reasoned
that under federal law, the arbitration clause was severable from the underlying contract. Id. 
Unless the arbitration clause was secured by fraud, disputes regarding validity of the contract were
subject to arbitration. Id. The Texas Supreme Court has followed Prima Paint. See In re
Oakwood Mobile Homes, Inc., 987 S.W.2d at 573 n.3.

 Hillside contends that under state law, fraudulent inducement voids a contract ab
initio, and therefore an arbitration clause in such a contract is invalid. There is persuasive,
although not binding authority, supporting Hillside's argument. See Prima Paint, 388 U.S. at
410-11 (Black, J., dissenting) (asserting that under New York state law, arbitration clause was
inseparable from contract as a whole and thus claim of fraudulent inducement put "in issue" the
making of agreement to arbitrate); Miller v. Puritan Fashions Corp., 516 S.W.2d 234, 239 (Tex.
Civ. App.-Waco 1974, writ ref'd n.r.e.) (stating, in dicta, that if case had been governed by
Texas law, plaintiff would be relieved of all obligations under contract, including duty to
arbitrate); Holley v. Corbell, 443 S.W.2d 63, 64-65 (Tex. Civ. App.-Eastland 1969, no writ)
(stating that under Texas law, party fraudulently induced has option to rescind contract). 
However, in this case, we reject Hillside's contention that fraudulent inducement of the
construction contract has rendered the arbitration clause invalid. Issues of payment and
performance under the contract are the basis of Hillside's fraudulent inducement claim. In our
view, these claims are subject to arbitration. See Hou-Scape, Inc. v. Lloyd, 945 S.W.2d 202, 206
(Tex. App.-Houston [1st Dist.] 1997, no writ). Therefore, we sustain Teal's point of error.


CONCLUSION

 We affirm that portion of the trial court's order declaring that the general
conditions, containing an arbitration clause, were incorporated by reference within the
construction contract entered into between Hillside and Teal. We reverse that portion of the trial
court's order retaining the fraudulent inducement claim for trial and abating the arbitration
pending judgment on that claim. We remand this cause for the entry of orders not inconsistent
with this opinion.



 

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Powers*

Affirmed in Part; Reversed and Remanded in Part

Filed: April 26, 2001

Publish









* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment.
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Teal seeks to compel arbitration of the parties' disputes under both the Federal Arbitration
Act, 9 U.S.C.A. §§ 1-16 (West 1999) ("FAA"), and the Texas Arbitration Act, Tex. Civ. Prac.
& Rem. Code Ann. §§ 171.001-.023 (West 1997 & Supp. 2001) ("TAA"). Teal filed two
proceedings in this Court: (1) a petition for writ of mandamus, Tex. R. App. P. 52, and (2) the
accelerated appeal of an interlocutory order, Tex. Civ. Prac. & Rem. Code Ann. § 171.098 (West
Supp. 2001); Tex. R. App. P. 28. This is the appropriate procedure. When an appellant alleges
entitlement to arbitration under both the FAA and TAA, in order to successfully appeal an order
denying arbitration, he must "pursue parallel proceedings-an interlocutory appeal of the trial
court's denial under the Texas Act, and a writ of mandamus from the denial under the Federal
Act." Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). However, because we
determine that this dispute does not involve interstate commerce, we regard the federal act as
inapplicable and overrule the petition for writ of mandamus.



rbitration clause was secured by fraud, disputes regarding validity of the contract were
subject to arbitration. Id. The Texas Supreme Court has followed Prima Paint. See In re
Oakwood Mobile Homes, Inc., 987 S.W.2d at 5