TEAL CONSTRUCTION COMPA-
NY/HILLSIDE VILLAS
LTD., Appellants,

v.

DARREN CASEY INTERESTS, INC.;
Hillside Villas Ltd./Teal Construction
Company, Appellees.

No. 03–00–00518–CV.

Court of Appeals of Texas,
Austin.

April 26, 2001.

Rehearing Overruled June 14, 2001.

David D. Peden Jr., Greenberg, Peden, Siegmyer, Oshman, Tigner, Geddie, Snyder & Naylor, P.C., Houston, for appellants.

John D. Mereness, Curney, Garcia, Wise & Farmer, P.C., San Antonio, for appellees.

Before Justices KIDD, YEAKEL and POWERS.*

KIDD, Justice.

In this case, we review the application of an arbitration clause in a construction contract. After a dispute arose between Hillside Villas, Ltd. ("Hillside"), the owner, and Teal Construction Company ("Teal"), the contractor, over change orders involving an apartment project, Hillside filed a tort lawsuit claiming fraud, fraudulent inducement, and negligent misrepresentation. After answering, Teal filed a motion to compel arbitration. The trial court, in its order, found that the parties had entered into a binding arbitration agreement, but severed Hillside's claim of fraudulent inducement and ordered the parties to trial on that claim. Teal appeals that portion of the trial court's order retaining the fraudulent inducement claim for trial and abating arbitration until judgment is entered on that claim. Hillside appeals that portion of the trial court's order declaring that the construction contract contained a valid arbitration clause. We will affirm that portion of the order declaring that the contract contained a valid arbitration clause, but we will reverse and remand that portion of the order retaining the fraudulent inducement claim for trial.

## BACKGROUND

Hillside is a San Antonio limited partnership engaged in property development

* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

in Texas. Teal is a construction contractor based in Houston. Teal entered into a contract with Hillside in January 1999 to construct Phase II of the Hillside Ranch Apartments, located in San Marcos. Phase II consisted of three buildings containing sixty apartment units. The apartments were to be used primarily for housing students at a local university.

In the fall of 1999, during the latter stages of the project, a dispute arose between the parties regarding performance and payment under the contract. Teal had submitted unpaid change orders totaling over $700,000, for which it sought payment. Hillside refused payment, contending that the construction contract contained a guaranteed maximum price of $2.28 million and that Teal's change orders would exceed the construction budget by approximately thirty-three percent. Teal sought to mediate the dispute pursuant to the terms of the contract. Hillside refused to mediate unless Teal withdrew its claim for change orders. Teal refused and on November 16 Hillside filed this lawsuit.

In its original petition, Hillside alleged claims of fraud, fraudulent inducement, and negligent misrepresentation. Although Hillside filed several amended petitions, its basic contentions have remained the same. Hillside claimed that it entered into the contract with the understanding that it was a guaranteed maximum price contract, subject only to additions and deductions made by valid change orders. Hillside alleged that after execution of the contract, Teal fraudulently deleted a term that protected Hillside from charges that would exceed the guaranteed maximum price. In other words, Hillside alleged that the parties negotiated a guaranteed maximum price of $2.28 million, and that after the contract was executed Teal deleted a term, changing the contract into a cost-plus contract without a guaranteed maximum price. In addition, Hillside alleged that during construction Teal missed deadlines, performed in a substandard manner, and submitted change orders that were not approved by Hillside or the architect. In response, Teal filed a general denial and a motion to stay the litigation and compel arbitration.

After several hearings and a failed court-ordered mediation, the trial court entered a final order that is the subject matter of this appeal. First, the court found that the arbitration clause contained in the general conditions was validly incorporated into the parties' contract. Second, the court severed Hillside's claim for fraudulent inducement and retained it for trial. Finally, the court ordered that all disputes arising out of performance of the contract were compelled to arbitration after judgment was entered in the fraudulent inducement trial. From this order, Teal brought both an interlocutory appeal and a mandamus action.[1] Hillside cross

1. Teal seeks to compel arbitration of the parties' disputes under both the Federal Arbitration Act, 9 U.S.C.A. §§ 1–16 (West 1999) ("FAA"), and the Texas Arbitration Act, Tex. Civ. Prac. & Rem.Code Ann. §§ 171.001–.023 (West 1997 & Supp.2001) ("TAA"). Teal filed two proceedings in this Court: (1) a petition for writ of mandamus, Tex.R.App. P. 52, and (2) the accelerated appeal of an interlocutory order, Tex. Civ. Prac. & Rem.Code Ann. § 171.098 (West Supp.2001); Tex.R.App. P. 28. This is the appropriate procedure. When an appellant alleges entitlement to arbitration under both the FAA and TAA, in order to successfully appeal an order denying arbitration, he must "pursue parallel proceedings—an interlocutory appeal of the trial court's denial under the Texas Act, and a writ of mandamus from the denial under the Federal Act." *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992). However, because we determine that this dispute does not involve interstate commerce, we regard the federal act as inapplicable and overrule the petition for writ of mandamus.

appeals, challenging the trial court's determination that the arbitration clause was validly incorporated within the contract.

## DISCUSSION

### The Arbitration Clause

Hillside argues that the trial court erred in finding a valid agreement to arbitrate between Teal and Hillside. An *unmodified,* American Institute of Architects ("AIA"), standard-form contract does not contain an arbitration clause within its four corners. The AIA, standard-form, general-conditions document does contain an arbitration clause. Hillside and Teal, however, signed a *modified,* AIA, standard-form contract that incorporated by reference the general-conditions document.

■■■ An unsigned paper may be incorporated by reference in the contract signed by the party sought to be charged. *Owen v. Hendricks,* 433 S.W.2d 164, 166 (Tex.1968). The specific language used is not important so long as the contract signed by the defendant plainly refers to another writing. *Id.* An arbitration agreement is not invalid or unenforceable merely because it is contained in a document incorporated into the contract by reference. *D. Wilson Constr. Co. v. McAllen Indep. Sch. Dist.,* 848 S.W.2d 226, 230 (Tex.App.—Corpus Christi 1992, writ dism'd w.o.j.).

■■ Page one of the contract signed by Hillside states that "AIA Document A201–1997, General Conditions of the Contract for Construction, is adopted in this document by reference." This statement plainly refers to the general conditions containing the arbitration clause. The trial court correctly determined that the arbitration clause was validly incorporated within the contract. Hillside's cross appeal is overruled.

### Enforcement of the Arbitration Clause

■■■ We next address Teal's contention that the trial court erred by not ordering the entire dispute to arbitration. The Texas Supreme Court has expressed a strong policy preference for enforcing arbitration clauses. *Capital Income Properties–LXXX v. Blackmon,* 843 S.W.2d 22, 23 (Tex.1992). A party seeking to compel arbitration must establish the existence of an arbitration agreement and show that their claims fall within the scope of that agreement. *In re Oakwood Mobile Homes, Inc.,* 987 S.W.2d 571, 573 (Tex. 1999). Once a claim within the arbitration agreement has been established, the burden shifts to the other party to demonstrate a legal basis for avoiding arbitration. *Id.* Such grounds include fraud, waiver, or unconscionability. *Dallas Cardiology Assocs. v. Mallick,* 978 S.W.2d 209, 212 (Tex.App.—Texarkana 1998, writ denied). There is ample case law stating that claims of fraud relating to the making of the contract are subject to arbitration. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Blackmon,* 843 S.W.2d at 23.

The leading case on this issue is *Prima Paint,* in which the United States Supreme Court held that the federal courts may not consider claims of fraud in the inducement of a contract that contains a valid arbitration agreement. *Prima Paint,* 388 U.S. at 404, 87 S.Ct. 1801. The court reasoned that *under federal law,* the arbitration clause was severable from the underlying contract. *Id.* Unless the arbitration clause was secured by fraud, disputes regarding validity of the contract were subject to arbitration. *Id.* The Texas Supreme Court has followed *Prima Paint. See In re Oakwood Mobile Homes, Inc.,* 987 S.W.2d at 573 n. 3.

Hillside contends that under state law, fraudulent inducement voids a contract *ab initio*, and therefore an arbitration clause in such a contract is invalid. There is persuasive, although not binding authority, supporting Hillside's argument. *See Prima Paint*, 388 U.S. at 410–11, 87 S.Ct. 1801 (Black, J., dissenting) (asserting that under New York state law, arbitration clause was inseparable from contract as a whole and thus claim of fraudulent inducement put "in issue" the making of agreement to arbitrate); *Miller v. Puritan Fashions Corp.*, 516 S.W.2d 234, 239 (Tex. Civ.App.—Waco 1974, writ ref'd n.r.e.) (stating, in dicta, that if case had been governed by Texas law, plaintiff would be relieved of all obligations under contract, including duty to arbitrate); *Holley v. Corbell*, 443 S.W.2d 63, 64–65 (Tex.Civ.App.—Eastland 1969, no writ) (stating that under Texas law, party fraudulently induced has option to rescind contract). However, in this case, we reject Hillside's contention that fraudulent inducement of the construction contract has rendered the arbitration clause invalid. Issues of payment and performance under the contract are the basis of Hillside's fraudulent inducement claim. In our view, these claims are subject to arbitration. *See Hou–Scape, Inc. v. Lloyd*, 945 S.W.2d 202, 206 (Tex. App.—Houston [1st Dist.] 1997, no writ). Therefore, we sustain Teal's point of error.

## CONCLUSION

We affirm that portion of the trial court's order declaring that the general conditions, containing an arbitration clause, were incorporated by reference within the construction contract entered into between Hillside and Teal. We reverse that portion of the trial court's order retaining the fraudulent inducement claim for trial and abating the arbitration pending judgment on that claim. We remand this cause for the entry of orders not inconsistent with this opinion.