HOLIGAN HOMES, ET AL. V. MICHAEL FREUND ET AL.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-250-CV

HOLIGAN HOMES, INC.; MICHAEL APPELLANTS

HOLIGAN; HAROLD HOLIGAN; HOLIGAN 

FAMILY INVESTMENTS, INC.; AND 

MH2 TECHNOLOGIES, LTD.

V.

MICHAEL R. FREUND AND APPELLEES

KIMBERLI FREUND

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

On Appellees’ motion, we have considered whether we have jurisdiction over the interlocutory appeal of the trial court’s denial of a motion to compel arbitration.  Appellants Holigan Homes, Inc., Michael Holigan, Harold Holigan, Holigan Family Investments, Inc., and MH2 Technologies, LTD. filed a motion to compel arbitration in the trial court after Appellees Michael R. Freund and Kimberli Freund sued Appellants for violations of the Deceptive Trade Practices Act, insurance violations, breach of warranty, breach of contract, common law fraud, and statutory fraud.  The trial court denied the motion.

This court may not hear appeals from interlocutory orders unless specifically authorized to by statute.  T
EX
. C
IV
. P
RAC
. & R
EM
. C
ODE
 A
NN
. § 51.014 (Vernon Supp. 2003); 
Qwest Communications Corp. v. AT&T Corp.
, 24 S.W.3d 334, 336 (Tex. 2000);
 Jack B. Anglin Co. v. Tipps
, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding);
 
Teal Const. Co./Hillside Villas Ltd. v. Darren Casey Interests, Inc
., 46 S.W.3d 417, 419 (Tex. App.—Austin 2001, pet. denied).  A trial court’s refusal to compel arbitration is subject to an interlocutory appeal only if the arbitration agreement is enforceable under the Texas General Arbitration Act.  
See
 T
EX
. C
IV
. P
RAC
. & R
EM
. C
ODE
 A
NN
. § 171.017 (Vernon 1997); 
Tipps
, 842 S.W.2d at 272.  In this case, the arbitration agreement at issue specifically provides that the agreement is enforceable under the Federal Arbitration Act.  The FAA, unlike the Texas General Arbitration Act, has no provision for an interlocutory appeal.  Accordingly, we dismiss the appeal for want of jurisdiction. 

SAM J. DAY

JUSTICE

PANEL A: DAY, DAUPHINOT, and HOLMAN, JJ.

[DELIVERED JANUARY 23, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.