COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-250-CV
HOLIGAN HOMES, INC.; MICHAEL       
           
           
           
        APPELLANTS
HOLIGAN; HAROLD HOLIGAN; HOLIGAN
FAMILY INVESTMENTS, INC.; AND
MH2 TECHNOLOGIES, LTD.
V.
MICHAEL R. FREUND AND       
           
           
           
           
           
 APPELLEES
KIMBERLI FREUND
------------
FROM THE 367TH DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION
(1)
------------
On Appellees' motion, we have considered
whether we have jurisdiction over the interlocutory appeal of the trial court's
denial of a motion to compel arbitration. Appellants Holigan Homes, Inc.,
Michael Holigan, Harold Holigan, Holigan Family Investments, Inc., and MH2
Technologies, LTD. filed a motion to compel arbitration in the trial court after
Appellees Michael R. Freund and Kimberli Freund sued Appellants for violations
of the Deceptive Trade Practices Act, insurance violations, breach of warranty,
breach of contract, common law fraud, and statutory fraud. The trial court
denied the motion.
This court may not hear appeals from
interlocutory orders unless specifically authorized to by statute. TEX.
CIV. PRAC. & REM.
CODE ANN. § 51.014 (Vernon
Supp. 2003); Qwest Communications Corp. v. AT&T Corp.,
24 S.W.3d 334, 336 (Tex. 2000); Jack B. Anglin Co. v. Tipps,
842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding); Teal
Const. Co./Hillside Villas Ltd. v. Darren Casey Interests, Inc., 46 S.W.3d
417, 419 (Tex. App.--Austin 2001, pet. denied). A trial court's refusal to
compel arbitration is subject to an interlocutory appeal only if the arbitration
agreement is enforceable under the Texas General Arbitration Act. See
TEX. CIV. PRAC.
& REM. CODE ANN.
§ 171.017 (Vernon 1997); Tipps, 842 S.W.2d at 272. In
this case, the arbitration agreement at issue specifically provides that the
agreement is enforceable under the Federal Arbitration Act. The FAA, unlike the
Texas General Arbitration Act, has no provision for an interlocutory appeal.
Accordingly, we dismiss the appeal for want of jurisdiction.
SAM J. DAY
JUSTICE
 
PANEL A: DAY, DAUPHINOT, and HOLMAN, JJ.
[DELIVERED JANUARY 23, 2003]

1. See Tex. R. App. P. 47.4.