United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-20348
SUMMARY CALENDAR

———————————————

CARL JURECZKI; LORA JURECZKI

Plaintiffs - Appellants

v.

BANK ONE TEXAS, N.A.; BANC ONE SECURITIES CORP.; BANC ONE INSURANCE
AGENCY, INC.; BILL BERRY

Defendants - Appellees

————————————————————————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
(H-02-CV-4830)

————————————————————————————————————————————

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal, we review the district court's decision to grant Defendants-Appellees'

Motion to Compel Arbitration and Motion to Dismiss regarding claims brought by Plaintiffs-

Appellants for violations of § 10(b) of the Securities and Exchange Commission Act of 1934, 15

U.S.C. § 78, and §§ 35(d) and 36(a) of the Investment Company Act of 1940, 15 U.S.C. § 80,

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

and for fraud, conspiracy, negligent and fraudulent misrepresentation, breach of contract, and conversion in violation of Texas law. For the following reasons, we affirm the district court's judgment.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In December 1998, Plaintiffs-Appellants, Carl and Lora Jureczki (hereinafter, the "Jureczkis"), opened a deposit account with Bank One Texas, N.A. (hereinafter, "Bank One"). At that time, the Jureczkis signed a signature card for the account. The signature card stated that the Jureczkis "acknowledge[d] receipt of the Bank's Account Rules and Regulations, including all applicable inserts, and agree[d] to be bound by the agreements and terms contained therein." The Account Rules and Regulations (hereinafter, "Account Rules") in effect for December 1998 included a broad arbitration clause.

The Jureczkis claim that in 2000, Defendant-Appellant, Bill Berry, removed $800,000 from the deposit account without their permission and invested the money through Defendants-Appellants, Banc One Securities Corporation and Bank One Insurance Agency. The Jureczkis were told that they could not recover the money without incurring a substantial penalty. After losing $400,000, the Jureczkis pulled their money out of the investments and incurred penalty and surrender charges. They subsequently brought this lawsuit.

Bank One moved to compel arbitration pursuant to the arbitration clause in the Account Rules. The Jureczkis filed an affidavit from Mr. Jureczki that neither he nor his wife received a copy of the Account Rules when the deposit account was opened. The district court ruled that the contract was unambiguous, that the Jureczkis had agreed to be bound by the Account Rules,

and that the arbitration agreement encompassed the Jureczkis' claims against Bank One. The district court also ruled that the Jureczkis' claims against the other Defendants-Appellants were "inextricably intertwined" with the claims against Bank One, and compelled arbitration of those claims as well.

## II.

## STANDARD OF REVIEW

This court reviews <u>de novo</u> the district court's construction of, and rulings on, the scope of the arbitration agreement. *Pennzoil Exploration and Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1065 (5th Cir. 1998). Findings of fact made in support of the order compelling arbitration may be reviewed for clear error. *Cargill Inc. v. Golden Chariot MC*, 31 F.3d 316, 317 (5th Cir. 1994). All doubts regarding the construction of the contract or any defenses to arbitration will be resolved in favor of arbitration. *Harvey v. Joyce*, 199 F.3d 790, 793 (5th Cir. 2000).

## III.

## EXISTENCE OF A VALID AGREEMENT TO ARBITRATE

Before a court compels arbitration, it must decide if there is a valid, enforceable arbitration agreement. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-258 (5th Cir. 1996). Disputes over the validity of agreements to arbitrate are analyzed under ordinary state-law principles of contract construction. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S.Ct. 1920, 1924, 131 L.Ed.2d 985 (1995). Under Texas law, if the words of a written instrument can be read to have a certain or definite legal meaning or interpretation, the contract is not ambiguous and the court will construe the contract as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). The

district court ruled that (1) the signature card constituted a valid contract; (2) the signature card plainly incorporated by reference Bank One's Account Rules; (3) the Account Rules included an arbitration agreement; (4) the arbitration agreement encompassed the claims against Bank One. *Jureczki v. Bank One, Texas, N.A.*, 252 F.Supp.2d 368, 373-375 (S.D. Tex. 2003).

The Jureczkis do not dispute that they signed a signature card when they opened their deposit account with Bank One. It is clear that by signing the card they entered into a binding contract. *American Airlines Employees Federal Credit Union v. Martin*, 29 S.W.3d 86, 96 (Tex. 2000) ("such signature cards establish a contract between banking institution and customer, regardless of whether the customer reads all provisions to which he is agreeing."). The Jureczkis do, however, argue that they did not agree to the Account Rules referenced on the signature card because they never received the Account Rules. This argument is in direct contradiction to language on the signature card which clearly states that the signators have received the Account Rules and agree to be bound by the agreements and terms therein. This is in accordance with Texas which law allows separate, unsigned documents, including arbitration agreements, to be incorporated by reference into contracts. *Owen v. Hendricks*, 433 S.W.2d 164, 166 (Tex. 1968); *Teal Construction Company/Hillside Villas Ltd. v. Daren Casey Interests, Inc.*, 46 S.W.3d 417 (Tex. App. 2001).

The Jureczkis also argue that the signature card is ambiguous as to its incorporation of external Account Rules. The district court ruled as a matter of law that the signature card unambiguously incorporated by reference the Account Rules and thus, the arbitration agreement. *Jureczki*, 252 F.Supp.2d at 373. We agree with the district court's reading of the signature card. The language on the card states that the Jureczkis acknowledged receipt of "inserts," indicating a

separate document was given to them, or at least referred to by the card. The only place the signature card refers to the Account Rules is in the incorporation language. Finally, the use of the word "therein" indicates that the card is referring to an external document. That external document, the Account Rules, included an arbitration clause, giving rise to the valid arbitration agreement recognized by the district court.

IV.

SCOPE OF AGREEMENT TO ARBITRATE

We review the district court's decision to apply equitable estoppel to compel Plaintiffs-Appellants to arbitration with Defendants-Appellees, Banc One Securities, Banc One Insurance Agency, and Bill Berry, for abuse of discretion. *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000), *cert denied* 531 U.S. 1013 (2000).

This court held in *Grigson* that a non-signatory to an arbitration agreement can use the agreement to compel arbitration in two instances: (1) when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against a non-signatory; and (2) when the signatory on the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both a non-signatory and one or more signatories to the contract. *Grigson*, 210 F.3d at 527 (quoting *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999)).

The district court found that the claims asserted by the Jureczkis are all based on the wrongful withdrawal of funds from the Jureczkis' account with Bank One, a transaction which was governed by the Account Rules. However, the Jureczkis argue that they are not asserting claims under the contract and are instead relying on state tort law claims to recover from

Defendants. The Jureczkis cannot cast their claims in tort rather than under the contract governing their account merely to avoid arbitration. *Id.* at 526. The district court saw through their attempt to do so and correctly applied the first prong of the *Grigson* test.

The district court also found that the second prong of the *Grigson* test could be used to compel arbitration because the Jureczkis' claims against the signatories and non-signatories raise "allegations of substantially interdependent and concerted misconduct." *Id.* at 527. At the heart of each of the Jureczkis' claims is the allegation that all Defendants acted in concert to fraudulently withdraw funds from their deposit account at Bank One. The district court thoroughly deconstructed the Jureczkis' complaint and found that all of their legal and factual allegations were asserted against Defendants collectively. The district court was clearly within its discretion when it found that the second prong of the *Grigson* test also allowed the non-signatory Defendants to compel arbitration of the Jurezckis' claims against them.

V.

CONCLUSION

For the foregoing reasons the judgment of the district court compelling arbitration and dismissing the case is affirmed.