**CAPITAL INCOME PROPERTIES–LXXX; CRI, Inc.; William B. Dockser; Martin C. Schwartzberg; H. William Willoughby; C.R.C.C. of Corpus Christi, Ltd.; CRICO–Texas Growth Partners Limited Partnership and Crico Securities Corporation, Relators,**

v.

**The Honorable Robert M. BLACKMON, Judge, Respondent.**

No. D–2848.

Supreme Court of Texas.

Dec. 16, 1992.

Kelly M. Crawford and C. Kent Adams, Dallas, Scott G. Campbell, New York City, for relators.

Cary N. Goldberg, Chicago, IL, Thomas L. Busby, Corpus Christi, Ronald A. Schy, Chicago, IL, Kathryn F. Green, Corpus Christi, Bruce W. Collins, Dallas, for respondent.

PER CURIAM.

Capital Income Properties–LXXX and seven other defendants (collectively CIP) have filed a motion for leave to file a petition for writ of mandamus, requesting that we direct the trial court to compel arbitration of the claims raised by thirty plaintiffs in the underlying suit. Concluding that CIP has established that the trial court abused its discretion in refusing to order arbitration and that CIP does not have an adequate remedy by appeal, we conditionally grant the relief requested.[1]

Plaintiffs, residents of fourteen different states, purchased shares in CIP, a District

---

**1.** CIP also filed an application for writ of error from the judgment of the Thirteenth Court of Appeals dismissing CIP's interlocutory appeal for want of jurisdiction. *Capital Income Properties–LXXX v. Waldman*, 835 S.W.2d 152 (Tex.

of Columbia limited partnership formed to develop and operate a Corpus Christi hotel. Article 12.01 of the limited partnership agreement provided that "any dispute, controversy or claim arising out of or in connection with or relating to this Agreement ... shall, upon the request of any party involved, be submitted to and settled by arbitration...." Plaintiffs filed suit in 1991, seeking return of their initial investments plus damages based on fraud, breach of fiduciary duty, negligent misrepresentation, and violation of the Deceptive Trade Practices Act. Urging the application of the Texas General Arbitration Act, TEX.REV.CIV.STAT.ANN. art. 224—238-6 (the Texas Act), and the Federal Arbitration Act, 9 U.S.C. § 1–16 (the Federal Act), CIP requested that the trial court compel arbitration.

At the conclusion of a hearing on the motion to compel arbitration, the trial court determined that the agreement to arbitrate was binding and enforceable but that the claims raised were not within the scope of the arbitration clause. CIP's request for mandamus relief from the Thirteenth Court of Appeals was denied.

After reviewing the mandamus record before us, we conclude that although the trial court correctly concluded that the arbitration clause is valid and enforceable, it abused its discretion in failing to compel arbitration under the Federal Act.[2] We have recently reiterated the strong policy preference for enforcing arbitration clauses. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266 (Tex.1992) (orig. proceeding). The Federal Act, which applies to transactions "involving commerce," dictates enforcement of an arbitration agreement upon evidence that a written agreement to arbitrate exists and that the claims raised are within the scope of the agreement. The Federal Act is part of the substantive law of Texas. *Southland Corp. v. Keating*, 465 U.S. 1, 14–16, 104 S.Ct. 852, 860–61, 79 L.Ed.2d 1 (1984); *Anglin*, 842 S.W.2d at 271; *Batton v. Green*, 801 S.W.2d 923, 927 (Tex.App.—Dallas 1990, no writ). In *Anglin* we also concluded that a party denied the benefit of an agreement to arbitrate is without an adequate remedy by appeal when pursuing application of the Federal Act in state court, and that mandamus is therefore appropriate. 842 S.W.2d at 271.

The undisputed facts of this case establish the applicability of the Federal Act: citizens from a number of different states have purchased interests from a business entity in one state for the purpose of carrying out a commercial venture in another state. *See Prima Paint v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401 n. 7, 87 S.Ct. 1801, 1805 n. 7, 18 L.Ed.2d 1270 (1967); *Mesa Operating Ltd. Partnership v. Louisiana Intrastate Gas Corp.*, 797 F.2d 238, 243 (5th Cir.1986); *Lost Creek Util. v. Travis Indep. Painter*, 827 S.W.2d 103, 105 (Tex.App.—Austin 1992, writ denied).

It is also undisputed that the Plaintiffs claim that CIP breached its fiduciary duty to them in operating and managing the partnership, in repeatedly misrepresenting the financial health of the operation, and in fraudulently inducing them to invest in the partnership. These claims arise out of and relate to the limited partnership agreement. In *Anglin* we held that Deceptive Trade Practice Act claims may be subject to arbitration, 842 S.W.2d at 271, and the United States Supreme Court has held that a claim of fraud in the inducement unless specifically directed to the making of the arbitration clause does not defeat application of that clause to the agreement as a whole. *Prima Paint Corp.*, 388 U.S. at 406, 87 S.Ct. at 1807; *Mesa Operating*, 797 F.2d at 244.

App.—Corpus Christi 1992). The court of appeals held that the arbitration clause was not enforceable under Texas law and that federal law did not permit an interlocutory appeal in state court. That application is denied by separate order.

2. Section 2 of the Federal Act provides that: a written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Accordingly, because CIP has shown that a written arbitration agreement exists and that the Plaintiffs' claims fall within the scope of that agreement, without hearing oral argument and pursuant to Texas Rule of Appellate Procedure 122, a majority of the court conditionally grants the writ of mandamus and directs the trial court to order that all claims proceed to arbitration under the Federal Arbitration Act. The clerk is instructed to issue the writ only should the trial court fail to follow our direction.