No. 04-98-00900-CV



In re OAKWOOD MOBILE HOMES, INC.,





From the 131st Judicial District Court, Bexar County, Texas


Trial Court No. 98-CI-01309


Honorable Pat Boone, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: December 23, 1998


WRIT OF MANDAMUS CONDITIONALLY GRANTED


 Relator, Oakwood Mobile Homes, Inc., seeks a writ of mandamus ordering respondent, Judge
Pat Boone,(1) to vacate his order denying Oakwood's motion to compel arbitration. Because the real
parties in interest failed to disprove the existence of a valid arbitration agreement under the Federal
Arbitration Act, we conditionally grant the writ.

 The underlying suit arose when William and Katherine Worthey sued Oakwood Mobile
Homes, Inc. for fraud in connection with their purchase of a manufactured home. When he
purchased the home, William Worthey executed an arbitration agreement in which he agreed to
submit any claims, controversies, or disputes regarding the sale of the home to binding arbitration
pursuant to the Federal Arbitration Act. Accordingly, after receiving notice of the Wortheys' suit,
Oakwood filed a motion to compel arbitration. The motion was supported by affidavit and a brief.
The Wortheys filed no response to the motion to compel, nor did they offer any evidence at the
initial hearing. The trial court then set the matter for an evidentiary hearing. At the evidentiary
hearing, the Wortheys argued that the arbitration agreement was not enforceable because it was part
of a contract of sale they were fraudulently induced into signing. The trial court denied Oakwood's
motion to compel on June 24, 1998.

 Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty
imposed by law when there is no other adequate remedy by law. See Walker v. Packer, 827 S.W.2d
833, 839 (Tex.1992) (orig. proceeding). When a trial court erroneously denies a motion to compel
arbitration under the Federal Arbitration Act, that party has no adequate remedy at law. EZ Pawn
Corp. v. Mancias, 934 S.W.2d 87,88 (Tex. 1996) (orig. proceeding). Accordingly, mandamus is the
appropriate means of correcting such error. Id.; Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266
(Tex. 1992). The proper standard for reviewing a trial court's action regarding a motion to compel
in a mandamus proceeding is abuse of discretion. See Hardin Const. Group, Inc. v. Strictly Painting,
Inc., 945 S.W.2d 308, 311-12 (Tex. App.--San Antonio 1997) (orig. proceeding).

 There is a strong presumption in favor of arbitration. See Capital Income Properties-LXXX
v. Blackmon, 843 S.W.2d 22, 23 (Tex. 1992) (orig. proceeding); Houston Lighting & Power Co. v.
City of San Antonio, 896 S.W.2d 366, 372 (Tex. App.--Houston [1st Dist.] 1995, writ dism'd
w.o.j.). Generally, once a party seeking to compel arbitration establishes that an arbitration
agreement exists under the Federal Arbitration Act and that the claims at issue are within the scope
of the agreement, the trial court must compel arbitration. See Cantella & Co., Inc. v. Goodwin, 924
S.W.2d 943, 944 (Tex. 1996) (orig. proceeding). However, an arbitration agreement may be defeated
if grounds exist for its revocation, such as fraud or unconscionability. See Palm Harbor Homes, Inc.
v. McCoy, 944 S.W.2d 716, 721 (Tex. App.--Fort Worth 1997) (orig. proceeding). In the present
case, the Wortheys acknowledge that William Worthey executed an arbitration agreement in
connection with the mobile home purchase at issue. And, there is no dispute regarding the fact that
the agreement is subject to the Federal Arbitration Act or the fact that the Wortheys' claims are
within the scope of that agreement. However, the Wortheys contend that the agreement is
unenforceable because it was fraudulently induced.

 The Texas Supreme Court established the procedure for use by trial courts in determining
motions to compel arbitration:

 [T]he trial court may summarily decide whether to compel arbitration on the basis
of affidavits, pleadings, discovery, and stipulations. However, if the material facts
necessary to determine the issue are controverted, by an opposing affidavit or
otherwise admissible evidence, the trial court must conduct an evidentiary hearing
to determine the disputed material facts.

Jack B. Anglin Co., 842 S.W.2d at 269; see Prudential-Bache Securities, Inc. v. Garza, 848 S.W.2d
803,806-07 (Tex. App.--Corpus Christi 1993) (orig. proceeding). The Corpus Christi Court of
Appeals expounded on this procedure, holding that, if the party opposing arbitration does not
initially controvert the moving party's claim, it is not entitled to an evidentiary hearing and cannot
prevail. Prudential Securities Inc. v. Banales, 860 S.W.2d 594,597 (Tex. App.--Corpus Christi
1993) (orig. proceeding). In the present case, the Wortheys did not initially respond to Oakwood's
motion to compel, nor did they offer any evidence at the initial hearing. Nevertheless, the trial court
ordered an evidentiary hearing. It was not until this evidentiary hearing was conducted that the
Wortheys offered evidence supporting their allegations of fraud.

 Oakwood contends that the trial court erred in proceeding to an evidentiary hearing because
the Wortheys failed to initially controvert Oakwood's motion to compel. See id. (holding that
because party opposing arbitration "never properly controverted [movant's] assertions of a valid
arbitration agreement, they were not entitled to a hearing, and could not prevail, on their fraud
defense."). Under a strict reading of Banales, Oakwood's contention is accurate. However, we
decline to read the supreme court's language in Jack B. Anglin, Co. as broadly as the Corpus Christi
Court of Appeals did in Banales. The court in Jack B. Anglin, Co., noted that a trial court may
summarily grant a motion to compel after an initial hearing, and if factual questions are raised in the
initial hearing, the trial court must conduct an evidentiary hearing. See Jack B. Anglin, Co., 842
S.W.2d at 269 (emphasis added). This language does not seem to require a summary disposition
where no factual questions have been raised.

 However, whether or not the evidentiary hearing was appropriate, the Wortheys failed at that
hearing to satisfy their burden of proving the arbitration agreement at issue is unenforceable. At the
hearing, the Wortheys offered evidence that they were fraudulently induced into purchasing the
mobile home. Specifically, William Worthey testified that he was told by an Oakwood
representative that Oakwood Mobile Homes, Inc. would take the Wortheys' old mobile home as a
trade-in on the new one, that Oakwood had found a buyer for the old mobile home, and that
Oakwood would take care of the financing on the trade-in and purchase within forty-five days.
According to Worthey, none of these representations were accurate and the Wortheys continue to
be responsible for two mobile homes. Additionally, Worthey testified that interest rate, payment,
and finance charge information was inserted into the sales contract after he signed it.

 Worthey testified that he would not have signed the sales contract had Oakwood not made
misrepresentations regarding the sale. He then argued that he would not have signed the arbitration
agreement if he had not signed the sales contract. Therefore, according to Worthey, because the
sales contract was fraudulently induced, the arbitration agreement was likewise procured by fraud.
However, Worthey affirmatively testified that Oakwood made no representations regarding the
arbitration agreement itself. He therefore makes no claim of fraud specific to the arbitration
agreement.

 "[I]f there have been no specific negotiations or representations concerning arbitration, any
fraudulent inducement is considered to be directed at the signing of the contract generally and not
at the arbitration clause within that contract." Shearson Lehman Bros., Inc. v. Kilgore, 871 S.W.2d
925, 928-29 (Tex. App.--Corpus Christi 1994) (orig. proceeding). While an arbitration agreement
is unenforceable if the agreement to arbitrate was itself fraudulently induced, a claim of fraudulent
inducement directed to the contract as a whole will not defeat the application of the arbitration
agreement. See, e.g., Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 401-06 (1967);
Capital Income Properties-LXXX, 843 S.W.2d at 23; Palm Harbor Homes, Inc., 944 S.W.2d at 722;
Holk v. Biard, 920 S.W.2d 803, 807 (Tex. App.--Texarkana 1996) (orig. proceeding); Shearson
Lehman Bros., Inc., 871 S.W.2d at 929. To avoid arbitration, the fraudulent inducement claim must
focus specifically on the negotiation and acceptance of the agreement to arbitrate -- it is not
sufficient that fraud induced some part of the contract that is submitted to arbitration. See id. 

 When Oakwood established a valid arbitration agreement under the Federal Arbitration Act,
the Wortheys had the burden to defeat it. Because the Wortheys did not directly attack the validity
of the agreement to arbitrate, they failed to do so. Accordingly, Judge Boone abused his discretion
in denying Oakwood's motion to compel arbitration. Therefore, Oakwood's petition for writ of
mandamus is conditionally granted. Judge Boone is directed to vacate his order denying the motion
to compel and order the Worthey's claims against Oakwood to arbitration. See Hardin Const. Group,
945 S.W.2d at 313. The writ will issue only in the event Judge Boone does not comply with this
opinion.


 KAREN ANGELINI

 JUSTICE


DO NOT PUBLISH

1. In its petition, Oakwood Mobile Homes, Inc. indicates that Hon. Carolyn Spears-Petersen is the Respondent
in this case as she heard and denied the motion to compel arbitration. However, while the court reporter's record
indicates that Judge Spears-Petersen presided over the hearing, the order denying the motion was actually signed by
Judge Boone.


Return to
4th Court of Appeals Opinions