In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-110 CV


NO. 09-04-064 CV


____________________



IN RE TRENDMAKER DEVELOPMENT COMPANY AND TMI, INC., 


d/b/a TRENDMAKER HOMES, Relators



and



TRENDMAKER DEVELOPMENT COMPANY, CENTENNIAL HOMES, INC.,


d/b/a TRENDMAKER HOMES AND TMI, INC. d/b/a


TRENDMAKER DEVELOPMENT, Appellants



V.



TIMOTHY JONES AND KEENAN JONES, Appellees







Original Proceeding


and


On Appeal from the 284
th District Court


Montgomery County, Texas


Trial Cause No. 03-06-04092-CV






MEMORANDUM OPINION


 When plaintiffs Timothy and Keenan Jones bought their house, they and Weekley
Homes entered into a purchase agreement containing an arbitration provision. After
flooding damaged their house, plaintiffs sued Weekley Homes, Trendmaker Development
Company, and others. Trendmaker was the developer of Crighton Ridge, the subdivision
in which the property is located. 

 The arbitration agreement provides, in part, as follows:

 Any claim, dispute or cause of action between Purchaser and Seller
(including any claim or cause of action by Purchaser against Seller's
subcontractors or the developer of the Property), whether sounding in
contract, tort, or otherwise, shall be resolved by binding arbitration. 
(emphasis added). 


Weekley Homes filed a motion to compel arbitration of plaintiffs' claims. Trendmaker
joined in that motion, urging that the Joneses' claims against Trendmaker must be
arbitrated because Trendmaker was the developer and is a third party beneficiary of the
arbitration agreement. 

 Plaintiffs did not contest Weekley Homes' motion, but they did contest
Trendmaker's. The trial judge granted Weekley Homes' motion and denied Trendmaker's
motion. Trendmaker filed this mandamus petition asking for an order compelling
arbitration. We conditionally grant the petition.

 Once a party seeking arbitration establishes (1) a valid arbitration agreement exists
under the Federal Arbitration Act and (2) the claims raised are within the agreement's
scope, a court has no discretion but to compel arbitration and stay its proceedings pending
arbitration. See Capital Income Properties - LXXX v. Blackmon, 843 S.W.2d 22, 23 (Tex.
1992); Cantella & Co., Inc. v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996). The parties
agree the FAA applies. But the plaintiffs argue the contract identifies two separate classes
of developers -- the developer of the property and the developer of the subdivision. 
Plaintiffs say Weekley Homes is the property developer, while Trendmaker is the
subdivision developer. Plaintiffs argue the "developer of the property" is specifically
designated in the arbitration clause as being entitled to arbitration, but the developer of the
subdivision is not. Plaintiffs say Trendmaker, being the subdivision developer, cannot
compel arbitration. 

 The primary concern in contract construction is to give effect to the parties' intent
as expressed in the contract. See Lenape Resources Corp. v. Tennessee Gas Pipeline Co.,
925 S.W.2d 565, 574 (Tex. 1996). If possible, no contract provision should be read in
a way that renders the provision meaningless. See Blaylock v. American Guarantee Bank
Liab. Ins. Co., 632 S.W.2d 719, 722 (Tex. 1982). A court generally gives words in a
written contract their plain, ordinary, and generally accepted meaning unless doing so
would be contrary to the clearly manifested intent of the parties. See Heritage Resources,
Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex. 1996).

 The question is whether the "developer of the property" is the same as the
"developer of the subdivision." The contract is clear. Paragraph 10(D) of the contract
informs the purchaser that the Seller (Weekley) has relied on written information from,
among others, "professional engineers and the developer of the subdivision, in which the
Property is located[.]" Paragraph 10(D) is a notice and liability-limiting provision. The
Seller informs the Purchaser that the Seller has relied on information from third parties,
including the "developer of the subdivision in which the Property is located," concerning
matters about which the third parties have special knowledge. And "Seller does not
warrant the accuracy or completeness of the information[.]" This provision does not create
any ambiguity concerning the meaning of "developer of the property." To the contrary,
the provision is consistent with the plain meaning of the term in the arbitration clause.

 As the subdivision developer, Trendmaker necessarily is a developer of the property
within the subdivision. The property subject to arbitration is property within the
subdivision and therefore property developed by Trendmaker. Under the plain language
of the contract, Trendmaker is entitled to arbitration.

 Were we to read both the terms "Seller" and "developer of the property" to mean
Weekley Homes, the latter term would be used in a duplicative way and add nothing to the
meaning of the contract, because Weekley Homes is already included as "Seller." It is
unlikely the parties intended the terms to be redundant. And we are not persuaded that the
parties intended "developer of the property" to mean solely the "builder"; we believe the
parties would have used the word "builder" if that was the intent. We read "developer of
the property" as including and referencing the developer of the subdivision in which the
property is located. 

 If the parties to a contract agree to confer a contractual benefit of arbitration on a
third party, the third party beneficiary may compel arbitration. In re Rolland, 96 S.W.3d
339, 344 (Tex. App.--Austin 2001, orig. proceeding) (citing Hoffman v. Deloitte &
Touche, L.L.P., 143 F.Supp.2d 995, 1004-05 (N.D. Ill. 2001)) ("If parties to a contract
agree to confer certain contractual benefits on a third party, that third party may invoke
the contract's arbitration clause."); see also In re Prudential Ins. Co. of America Sales
Practice Litig., 133 F.3d 225, 229-30 (3d Cir. 1998). Here, the plaintiffs signed a
contract agreeing to arbitrate their claims against the developer of the property. As a
developer of the property, Trendmaker is entitled to compel arbitration of the claims.

 Because we grant the requested relief under the Federal Arbitration Act in this
mandamus proceeding, the alternative appeal under the Texas Arbitration Act is dismissed. 
We conditionally grant the writ of mandamus. The trial court is directed to vacate the
order denying arbitration and to enter an appropriate order compelling arbitration. Writ
will issue only if the trial court fails to follow this direction. 


 WRIT CONDITIONALLY GRANTED; APPEAL DISMISSED. 


 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on June 17, 2004

Opinion Delivered July 29, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.