IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 22, 2005

_____

NO. 07-05-0297-CV

_____

WEST TEXAS POSITRON, LTD., WEST TEXAS POSITRON, L.L.C.,
AND MIKE WHYTE, APPELLANTS

V.

NANCY CAHILL, APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-523,519; HONORABLE SAM MEDINA, JUDGE

_____

NO. 07-05-0342-CV

_____

IN RE WEST TEXAS POSITRON, LTD.,
WEST TEXAS POSITRON, L.L.C. AND MIKE WHYTE, RELATORS

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

West Texas Positron, Ltd., a Texas limited partnership, its general partner West

Texas Positron, L.L.C., and Michael J. Whyte present an interlocutory appeal and petition

for writ of mandamus each challenging the denial of their motion to compel arbitration in

a suit brought by Nancy Cahill, originally a limited partner and employee of West Texas Positron, Ltd. Appellants and relators present parallel challenges to the trial court's order due to uncertainty whether the Texas General Arbitration Act[1] or the Federal Arbitration Act[2] applies. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266 (Tex. 1992) (orig. proceeding). The appeal and original proceeding were argued together and we dispose of them together. *See In re Valero*, 968 S.W.2d 916 (Tex. 1998) (per curiam).

The relationship of the parties and partial history of this litigation was set out in our opinion resolving a prior mandamus proceeding arising from this litigation and need not be repeated in full here. *See In re West Texas Positron*, No. 07-04-0506-CV (Tex.App.– Amarillo January 20, 2005, orig. proceeding). We recite only those events relevant to the issues now before us.

Cahill's September 2003 petition sought to take the deposition of Michael J. Whyte under Rule of Civil Procedure 202. In response the partnership sent a letter to Cahill that the suit was in breach of the partnership agreement and failure to cure that breach would result in termination of her partnership interest. The partnership and general partner filed an answer that included a motion to dismiss and plea in abatement based on mediation and arbitration provisions of the partnership agreement.

The trial court set a hearing on the motion and plea in abatement but it was cancelled when the parties agreed to mediate the Rule 202 proceeding. For reasons not

---

[1] Tex. Civ. Prac. & Rem. Code Ann. §§171.001 - .098 (Vernon 2005).

[2] 9 U.S.C. §§ 1-16.

clear from the record, the effort at mediation failed. The general partner took steps in November 2003 to terminate Cahill's interest in the limited partnership.

In March 2004, Cahill sent to counsel for the partnership and the general partner a notice requesting mediation and appointing a mediator. They responded the next month with a letter asserting Cahill's partnership interest had been terminated the previous November and the partnership agreement was no longer applicable to her.[3] In May 2004, Cahill filed amended pleadings adding Mike Whyte as a defendant and asserting claims for breach of the partnership agreement, fraud, breach of fiduciary duty and other duties and diversion of partnership assets. The three defendants ("WTP") jointly filed an amended answer which did not repeat the motion to dismiss and plea in abatement contained in WTP's original answer. The answer asserted affirmative defenses including estoppel based on the mediation and arbitration provisions, and asserted counterclaims, including a request for a declaratory judgment that Cahill's partnership interest was properly terminated for breach of the partnership agreement.[4]

When the trial court granted Cahill's motion to compel production of documents, WTP challenged that order by seeking a writ of mandamus in this court in October 2004.

---

[3] The letter summarized events of November 2003, and concluded:

Accordingly, since [Cahill] is no longer a partner in [WTP], has not been a partner since November 2003 and therefore has no partnership interest in [WTP], the provisions of the [WTP] partnership are inapplicable to her and unenforceable by her. Therefore, [Cahill] has no right to request mediation or arbitration under the partnership agreement.

[4] The partnership also asserted counterclaims for breach of fiduciary duty and misappropriation of trade secrets, and to recover defense costs.

3

We denied the petition for mandamus on January 20, 2005. *In re West Texas Positron*, slip op. at 12. While that mandamus proceeding was pending here, WTP filed a motion seeking partial summary judgment in the trial court on the issue of the value of Cahill's interest in the partnership.

Some time prior to March 2005 WTP sold the partnership assets and those of a related business operated in New Mexico. Cahill served discovery requests on WTP seeking documents evidencing that sale, and followed that with her second motion to compel discovery in March 2005. The partnership reurged its September 2003 motion to compel arbitration. The trial court held a hearing on both motions April 1, 2005. At the conclusion of that hearing the court ordered completion of discovery responses within thirty days.[5] The court did not rule on the motion to compel arbitration. The parties unsuccessfully participated in court-ordered mediation in June 2005. The trial court held a second hearing on the motion to compel arbitration August 1, 2005. Cahill's argument at that hearing focused on whether the defendants had waived the right to arbitration. The court overruled the motion, prompting the present proceedings.

The first issue we must determine is whether the arbitration provisions of the partnership agreement are governed by the Texas General Arbitration Act (TGAA) or the Federal Arbitration Act (FAA). If the TGAA applies, interlocutory appeal is the proper method to challenge the trial court's ruling. Tex. Civ. Prac. & Rem. Code Ann. § 171.098 (Vernon 2005) (authorizing interlocutory appeal). If the arbitration clause is governed by

_____

[5] The court advised WTP the failure to meet this deadline would result in imposition of monetary sanctions and the striking of defense pleadings.

the FAA an interlocutory challenge must be through a petition for writ of mandamus. *Jack B. Anglin Co.*, 842 S.W.2d at 272.

The trial court made no ruling on which act applies. The parties do not argue, and we do not see, any conflict between the TGAA and the FAA in this case. The standard for determining waiver is the same under the Texas and federal acts. *Sedillo v. Campbell*, 5 S.W.3d 824, 826 (Tex.App.–Houston [14th Dist.] 1999, no pet.).

The arbitration clause does not expressly invoke either the FAA or the Texas Act.[6] The partnership agreement contains a general choice of law clause adopting Texas law, "excluding its conflict-of-laws principles." In view of that provision, and in the absence of conflict in the application in this case of the state and federal acts,[7] we will review the trial court's ruling by interlocutory appeal under the TGAA. Finding WTP thus has an adequate remedy by appeal, we deny the petition for writ of mandamus. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994).

---

[6] The detailed arbitration paragraph does provide that, unless expressly prohibited by the rules of the American Arbitration Association, at the arbitration hearing the Texas Rules of Evidence control the admissibility of evidence.

[7] *See Allied-Bruce Terminix Co. v. Dobson*, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995) (FAA "pre-empts conflicting state law")*; Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 474, 103 L.Ed.2d 488, 109 S.Ct. 1248 (1989) (FAA preempts state statutes to extent inconsistent); *Jack B. Anglin Co.*, 842 S.W.2d at 271 (same).

The opinion in *In re L & L Kempwood Assoc.*, 9 S.W.3d 125, 126 (Tex. 1999), cited by Cahill, notes a distinction found by the court of appeals in the manner in which the primary issue in the case would be resolved under the state and federal statutes. The court also was there applying contract language which it construed to invoke both statutes. *Id*. at 127-28.

There is no dispute that the issues raised in the litigation are within the scope of the partnership agreement's arbitration clause. *See Capital Income Properties v. Blackmon,* 843 S.W.2d 22, 23 (Tex. 1992) (claims by limited partners for fraud and breach of fiduciary duty arose from partnership agreement and were within scope of arbitration clause). The primary question presented in this appeal is whether WTP waived its contractual right to arbitration. When a dispute within the scope of an arbitration agreement exists, the party opposing arbitration bears the burden of establishing an affirmative defense such as waiver. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003); *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1158 (5th Cir. 1986).

Whether a party has waived a right to arbitration is a question of law subject to de novo review. *Sedillo*, 5 S.W.3d at 826, citing *Nationwide of Bryan, Inc. v. Dyer*, 969 S.W.2d 518, 521 (Tex.App.–Austin 1998, no pet.); *see In re Bruce Terminix Co.*, 988 S.W.2d 702, 703-04 (Tex. 1998) (orig. proceeding) (federal act). There is a strong presumption against a finding of waiver, *In re Service Corporation Int'l*, 85 S.W.3d 171, 174 (Tex. 2002), and such a finding depends on the individual facts and circumstances of each case. *Williams Industries, Inc. v. Earth Dev. Syst. Corp.*, 110 S.W.3d 131, 135 (Tex.App.–Houston [1st Dist.] 2003, no pet.); *Republic Ins. Co. v. PAICO Receivables LLC*, 383 F.3d 341, 346 (5th Cir. 2004). Courts will not find a party has waived its right to enforce an arbitration clause merely by taking part in litigation, *In re Bruce Terminix Co.*, 988 S.W.2d at 704, but only when the party has substantially invoked the judicial process to its opponent's prejudice or detriment. *Id*.; *EZ Pawn* Corp. v. *Mancias*, 934 S.W.2d 87, 89 (Tex. 1996); *Republic Ins. Co.*, 383 F.3d at 344. Additionally, waiver of a right to arbitration must

6

be intentional.  *EZ Pawn*, 934 S.W.2d at 89.  Courts also have described substantially invoking the judicial process as taking specific and deliberate actions, after the suit's filing, that are inconsistent with the right to arbitrate.  *Williams Industries*, 110 S.W.3d at 135.

A party does not substantially invoke the judicial process merely by filing an answer or by participating in discovery.  *In re Bruce Terminix Co.*, 988 S.W.2d at 704; *Tenneco Resins Inc. v. Davy International*, 770 F.2d 416, 421 (5th Cir. 1985).  Asserting claims for affirmative relief or asking for disposition on the merits are substantial invocations of the judicial process inconsistent with the right of arbitration.  *See Miller Brewing Co. v. Fort Worth Distributing Co.*, 781 F.2d 494, 497 (5th Cir. 1986) (filing multiple suits); *Price*, 791 F.2d at 1162 (moving for summary judgment supported finding of waiver).

The record here shows WTP initially asserted its right to mediation and arbitration in response to Cahill's Rule 202 petition but later rebuffed her effort to initiate those remedies, contending the partnership agreement no longer applied to her.  Shortly thereafter it responded to her amended pleadings with, *inter alia*, both defenses and counterclaims based on Cahill's breach of the mediation and arbitration provisions of the partnership agreement.  It later moved for partial summary judgment on the value of Cahill's interest in the partnership, presenting both traditional and no evidence grounds.[8] These were specific and deliberate acts, and substantial invocations of the judicial process inconsistent with the right of arbitration it now asserts.

---

[8] Tex. R. Civ. P. 166a(c), (i).

Both Texas and federal courts have delineated factors relevant to the question of prejudice. The Fifth Circuit listed three factors as particularly relevant in determining prejudice, including pretrial discovery regarding claims subject to arbitration, expense incurred in defending against a motion for summary judgment, and failure to timely assert the right to arbitration. *Republic Ins. Co.*, 383 F.3d at 346. In *Williams Industries* the court's prejudice analysis focused on the movant obtaining information through discovery which would not be discoverable in arbitration and costs incurred by delay in asserting the right to arbitration. 110 S.W.3d at 135. Without evidence of expenses resulting from delay in asserting arbitration, there is no showing of prejudice from the delay alone. *See Republic Ins. Co.*, 383 F.3d at 346*; Texas Residential Mortgage v. Portman*, 152 S.W.3d 861, 864 (Tex.App.–Dallas 2005, no pet.); *Williams Industries*, 110 S.W.3d at 135, 141 (no showing of prejudice without supporting evidence); *Service Corp. Int'l*, 85 S.W.3d at 174; *Marble Slab Creamery* v. Wesic, Inc., 823 S.W.2d 436, 438 (Tex.App.–Houston [14th Dist.] 1992, no writ). Delay is, however, a material factor. *Sedillo*, 5 S.W.3d at 828. The cases have typically considered the cumulative effect of the factors rather than each in isolation. *See, e.g., Republic Ins. Co.*, 383 F.3d at 346; *Central Nat. Ins. Co. of Omaha v. Lerner*, 856 S.W.2d 492, 494 (Tex.App.–Houston [1st Dist.] 1993) (orig. proceeding).

The delay involved here, even measured from the filing of Cahill's amended pleadings in May 2004 and WTP's reassertion of its motion to compel arbitration in the spring of 2005, is not insubstantial. The trial court could have considered WTP's shifting

positions on the issue substantially contributed to the delay in addressing it.[9] Moreover, much activity occurred in the trial court during those months, *cf. EZ Pawn*, 934 S.W.2d at 90 ("very little activity" in case before arbitration demand). As WTP points out, most of the activity resulted from Cahill's discovery and WTP's resistance to it, but the record also shows WTP sought resolution by summary judgment of one of the core issues in the litigation. *Cf. GeoSurveys, Inc. v. State Nat'l Bank*, 143 S.W.3d 220, 224 (Tex.App.–Eastland 2004, no pet.) ($9700 in discovery expenses insufficient to show prejudice where movant did not seek disposition by court). As further evidence of prejudice, Cahill presented an affidavit of her attorney that she had incurred $20,289.15 in legal fees and expenses. We conclude the cumulative effect of the evidence of delay, expense and WTP's pursuit of a dispositive motion is sufficient to demonstrate prejudice from WTP's invocation of the judicial process. *Cf. Pennzoil Co. v. Arnold Oil Co., Inc.*, 30 S.W.3d 494, 499 (Tex.App.–San Antonio 2000, orig. proceeding) ("generalized protestations" about costs of delay insufficient). *See also Walker v. J. C. Bradford & Co.*, 938 F.2d 575, 577-78 (5th Cir. 1991) (distinguishing *Tenneco*, 770 F.2d 416, from *Price*, 791 F.2d 1156).

We overrule WTP's sole issue on appeal and affirm the order of the trial court.


James T. Campbell
Justice

---

[9] We cannot agree with WTP that the record shows it consistently sought arbitration.

9