**Reversed and Remanded and Memorandum Opinion filed August 8, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00965-CV

## SATYA, INC., GOPAL P. BATHIJA, AMEEN M. ALI, AND SATYA GROUP II, LTD., Appellants

## V.

## VIKRAM MEHTA, Appellee

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-27585**

## M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal from the denial of a motion to compel arbitration. The arbitration provision is part of a limited-partnership agreement, and a signatory to the agreement sued the limited partnership and its alleged agents, asserting that the defendants acted within the scope of their agency in committing various torts and statutory violations related to the agreement. We

conclude that the defendants may enforce the arbitration provision even though they did not sign the limited-partnership agreement in their individual capacities. We accordingly reverse and remand with instructions to the trial court to grant the motion and stay further proceedings as appropriate.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee Vikram Mehta signed a limited-partnership agreement with Satya Group II, Ltd. ("the Limited Partnership"). The agreement provides that "if any dispute arises between [the partners] relating to this [a]greement," the partners will first attempt to resolve the dispute through mediation, and if unsuccessful, will resolve the dispute through arbitration. Defendant Gopal P. Bathija signed the agreement on behalf of the limited partnership's general partner, Satya Management II, LLC ("the General Partner"). Mehta later sued Bathija, the Limited Partnership, and two other defendants. The additional defendants are Satya, Inc. ("the Corporation") and Ameen M. Ali. Mehta alleged that Bathija and Ali own the Corporation and the Limited Partnership and are the sole managers of the latter's General Partner. He additionally alleged that Bathija operates the Limited Partnership; that Ali is a partner in the Limited Partnership; and that Bathija, Ali, the Corporation, and the Limited Partnership are agents for one another and were acting within the scope of their agency when committing the torts alleged in Mehta's petition.

According to Mehta, defendants Bathija, Ali, the Limited Partnership, and the Corporation (collectively, "the Partnership Parties") obtained the right to purchase various real properties at or near market value through "one of Defendant Bathija's front companies" such as the Corporation or the Limited Partnership. Mehta asserted that the Partnership Parties then created or adopted a private placement memorandum that they circulated to potential investors in order to sell

2

interests in the Limited Partnership, which then purchased an option to purchase the property or purchased the property outright. According to Mehta, the Partnership Parties failed to disclose that a significant portion of the price paid by the Limited Partnership for those interests was paid "to Bathija's front company" as a fee for the assignment of the right to purchase. In support of his claims of fraud and fraud in a real-estate transaction, Mehta asserted that he relied on the Partnership Parties' misrepresentations and was thereby induced to invest in the Limited Partnership and in another project known as the Westheimer Project. Specifically, he contends that he paid the Limited Partnership $104,000 and invested an additional $100,000 in the Westheimer Project. Based on the same facts, Mehta also asserted claims for breach of fiduciary duty and violations of the Texas Securities Act. Finally, Mehta pleaded that the defendants conspired to commit the torts alleged; that Bathija and Ali used the Corporation and the Limited Partnership as a sham to perpetuate a fraud; and that the Corporation and the Limited Partnership are Bathija's alter egos.

The Partnership Parties moved to dismiss the claims associated with the Limited Partnership and to compel arbitration of those claims. They specifically excluded from their motion Mehta's claims involving the Westheimer Project. In response to the motion, Mehta asserted that his claims were independent of the limited-partnership agreement containing the arbitration provision. The defendants filed a reply on the morning of the hearing on the motion, and six days after the hearing, Mehta filed a sur-reply in which he asserted that "only [the Limited Partnership] should be dismissed and the rest of the [Partnership Parties] should remain in this case because they are not signatories" to the limited-partnership agreement. The trial court nevertheless denied the motion to compel in its entirety. On the same day that the Partnership Parties filed their notice of appeal, Mehta

3

filed a notice of non-suit as to his claims against the Limited Partnership.

## II. ISSUES PRESENTED

In their first issue, the Partnership Parties contend that Mehta's claims are within the scope of the arbitration agreement. They argue in their second issue that the arbitration provision applies to Bathija, Ali, and the Corporation even though Ali and the Corporation did not sign the limited-partnership agreement and Bathija did not sign it in his individual capacity.

## III. ANALYSIS

The record does not contain the complete limited-partnership agreement, and in the excerpts that are in the record, there is no reference to either the Federal Arbitration Act ("the Federal Act") or the Texas General Arbitration Act ("the Texas Act"). In the trial court, the parties did not identify the statute that they contend applies, but on appeal, the Partnership Parties assert that the case is governed by the Texas Act. Mehta does not contest that assertion, and no one contends that the Federal Act has any preemptive effect in this case. We therefore treat the case as one governed by the Texas Act. *See Osornia v. AmeriMex Motor & Controls, Inc.*, 367 S.W.3d 707, 711 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Because the substantive principles that control our analysis are the same under both statutes, we rely on cases decided under the Federal Act as well as cases decided under the Texas Act, without differentiating between them. *See id.*

When considering a motion to compel arbitration, a court must determine whether a valid arbitration agreement exists, and whether the claims in dispute fall within its scope. *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011) (orig. proceeding). "Whether a valid arbitration agreement exists is a legal question subject to de novo review." *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781

4

(Tex. 2006) (orig. proceeding) (citing *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003)). If a valid arbitration agreement exists, then a strong presumption arises favoring arbitration, and the burden shifts to the party opposing arbitration to raise an affirmative defense to its enforcement. *J.M. Davidson, Inc.*, 128 S.W.3d at 227. Mehta has not challenged the existence of a valid arbitration agreement or raised any affirmative defenses to its enforcement.

Where, as here, the existence of a valid arbitration agreement has been established, the court next considers the agreement's terms to determine which issues are arbitrable. *See Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 61 (Tex. 2008). Any doubts as to which claims fall within the scope of the arbitration clause must be resolved in favor of arbitration. *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995) (per curiam) (orig. proceeding). A court should not deny arbitration unless the court can say with positive assurance that an arbitration clause is not susceptible of an interpretation that would cover the claims at issue. *Id.* In determining whether a claim falls within the scope of an arbitration clause, we focus on the factual allegations, rather than the legal claims asserted. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 754 (Tex. 2001) (orig. proceeding). The presumption of arbitrability is particularly applicable where, as here, the arbitration clause is broad. *See Baty v. Bowen, Miclette & Britt, Inc.*, No. 14-11-00663-CV, 2013 WL 2253584, at *11 (Tex. App.—Houston [14th Dist.] May 23, 2013, no pet. h.).

## A. A valid arbitration agreement exists, and Mehta has asserted claims that fall within its scope.

In the trial court, Mehta asserted that although he agreed to arbitrate "any dispute" between the partners "relating to" the limited-partnership agreement, the provision applied only to breach-of-contract claims, and that he could not be compelled to arbitrate his tort claims or claims of statutory violations. As the

5

Partnership Parties pointed out, both in the trial court and on appeal, Mehta's position is contrary to Texas law. Because Mehta has not reurged this position on appeal, we will address the law on this issue only briefly.

A party to a contract containing an arbitration provision cannot avoid arbitration by recasting a contract dispute as a claim for fraudulent inducement. *See In re Kaplan Higher Educ. Corp.*, 235 S.W.3d 206, 209 (Tex. 2007) (per curiam) (orig. proceeding). As the Texas Supreme Court has pointed out, "almost every contract claim against a corporation could be recast as a fraudulent inducement claim against the agents or employees who took part in the negotiations preceding it." *Id.* The same is true of claims arising from limited-partnership agreements. *See Capital Income Props.-LXXX v. Blackmon*, 843 S.W.2d 22, 23–24 (Tex. 1992) (per curiam) (orig. proceeding) (holding that claims of fraudulent inducement to invest in a limited partnership, breach of fiduciary duty, and misrepresentation arose out of and related to a limited-partnership agreement containing a broad arbitration provision and were therefore arbitrable).

Mehta's claims for fraudulent inducement are disputes "relating to" the limited-partnership agreement and are accordingly arbitrable. *See id.* Because Mehta's fraud, breach-of-fiduciary-duty, and statutory claims are based on the same facts, those claims also are subject to arbitration. *See Kaplan Higher Educ. Corp.*, 235 S.W.3d at 208–09 & n.2 (explaining that the plaintiffs' claims of negligence, negligence per se, negligent misrepresentation, and statutory violations were based on the same facts as their claim of fraudulent inducement and were alternative forms of the same arbitrable claim).

We sustain the Partnership Parties' first issue.

**B.    The arbitration agreement applies to Bathija, Ali, and the Corporation.**

In their second issue, the Partnership Parties argue that they are entitled to

enforce the arbitration provision found in the limited-partnership agreement even though Bathija did not sign the agreement in his individual capacity, and Ali and the Corporation did not sign the agreement at all. We agree.

"[W]hen an agreement between two parties clearly provides for the substance of a dispute to be arbitrated, one cannot avoid it by simply pleading that a nonsignatory agent or affiliate was pulling the strings." *Id.* at 210. That is precisely what Mehta has attempted to do here. He and Bathija signed the limited-partnership agreement. Although Bathija signed on behalf of the General Partner, Mehta contends that Bathija, Ali, the Corporation, and the Limited Partnership are agents for one another, and that each acted within the scope of that agency in committing the torts alleged.

In his sole response to this argument, Mehta asserts that the Partnership Parties cannot rely on his pleaded allegations of agency because they did not raise the argument in the trial court. That is factually incorrect. At the hearing on the motion to compel arbitration, counsel for the Partnership Parties explained that under the holding of *In re Kaplan Higher Education Corp.*, the agents of a signatory to an agreement containing an arbitration provision can enforce the provision as to claims related to the agreement.[1] We therefore do not address the question of whether a movant to compel arbitration would waive an agency argument if it failed to raise the argument in the trial court, because here, the Partnership Parties did raise the argument and thus, there could be no waiver in any event.

We sustain the Partnership Parties' second issue and reverse the trial court's order denying their motion to compel arbitration.

---

[1] It is undisputed that Mehta alleged that the Partnership Parties are one another's agents and acted within the scope of their agency.

7

## C.    Disposition

Under the Texas Act, an order compelling arbitration must include a stay of the trial court's proceedings; however, if the arbitrable issues are severable from the nonarbitrable issues, then only the arbitrable issues need be stayed. *See* TEX. CIV. PRAC. & REM. CODE §§ 171.021(c), 171.025 (West 2011). No one has sought to compel arbitration of the claims concerning the Westheimer Project, but the parties have not addressed the question of whether Mehta's claims against Bathija, Ali, and the Corporation in connection with the Limited Partnership are severable from his claims against them in connection with the Westheimer Project. Under these circumstances, the trial court is better positioned to consider whether litigation of Mehta's claims concerning the Westheimer Project should be stayed. *See Forest Oil Corp.*, 268 S.W.3d at 61–62 (ordering proceedings in the trial court stayed as to the arbitrable claims, and remanding for the trial court to determine whether the nonarbitrable claims also should be stayed); *see also* TEX. R. APP. P. 43.3(a) ("When reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when . . . a remand is necessary for further proceedings . . . ."). We therefore instruct the trial court to determine on remand whether the claims concerning the Westheimer Project should be stayed pending arbitration of the claims related to the Limited Partnership.

## IV. CONCLUSION

We reverse the trial court's order denying the defendants' motion to compel arbitration and we remand the case with instructions to the trial court to (a) grant the motion to compel arbitration of Mehta's claims against the remaining Partnership Parties concerning the Limited Partnership, (b) stay further proceedings concerning those claims, (c) determine whether Mehta's claims

8

concerning the Limited Partnership are severable from his claims concerning the Westheimer Project, and (d) stay the claims concerning the Westheimer Project if those claims are not severable from the claims related to the Limited Partnership.


/s/    Tracy Christopher
           Justice


Panel consists of Justices Brown, Christopher, and McCally.