**Opinion issued August 11, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-21-00236-CV**

———————————

**WASHING EQUIPMENT OF TEXAS, INC., Appellant**

**V.**

**TJ'S AUTOMOTIVE REPAIR, INC. AND RICHARD BARRAZA, Appellee**

---

**On Appeal from the 412th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Case No. 109310-CV**

---

**MEMORANDUM OPINION**

TJ's Automotive Repair, Inc. and Richard Barraza sued Washing Equipment

of Texas, Inc. for declaratory relief. WET, Barraza's former employer, moved to

compel arbitration under the employment agreement, and the trial court denied the

motion. WET appeals that denial, arguing that the employment agreement includes

an arbitration clause. Because the employment agreement's arbitration clause encompasses these claims, we affirm in part and reverse in part.

## I. Background

Richard Barraza was previously employed by WET where he worked on installation, maintenance, and repair of car wash systems. As part of his employment, he signed an agreement that contained a noncompete clause and an arbitration clause. Barraza left WET and began working at TJ's Automotive where he works mainly on maintenance and repair for automobiles. The next day, TJ's Automotive and Barraza sued WET for declaratory relief contending that the noncompete clause was inapplicable because TJ's Automotive and WET are not business competitors; that Barraza did not violate the employment agreement; that the geographical restriction in the employment agreement is overly broad and unnecessary to protect WET's interests; and that even if the employment agreement is enforceable, it is subject to reformation. WET moved to compel arbitration, which the trial court denied. WET appeals that denial.

## II. Standard of Review and Applicable Law

We review a trial court's denial of a motion to compel arbitration for an abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). We defer to the trial court's factual determinations if they are supported by evidence, but we review its legal determinations de novo. *Id.*

Unless there is unmistakable evidence that the parties intended otherwise, the courts rather than arbitrators decide gateway matters, such as whether there is a valid arbitration agreement. *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005) (citing *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003)). "[W]hether the parties have submitted a particular dispute to arbitration" is also a gateway matter. *Perry Homes v. Cull*, 258 S.W.3d 580, 589 (Tex. 2008) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83–84 (2002) (internal quotations omitted)). "Whether an arbitration agreement is binding on a nonparty is [another] one of those gateway matters." *Weekley Homes*, 180 S.W.3d at 130.

A party moving to compel arbitration must establish (1) that there is a valid arbitration agreement and (2) that the claims asserted fall under the agreement. *In re AdvancePCS Health L.P.,* 172 S.W.3d 603, 605 (Tex. 2005). A trial court's determination of whether there is a valid arbitration agreement is a question of law that we review de novo. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). State and federal policies favor arbitration, so we "resolve any doubts about an arbitration agreement's scope in favor of arbitration." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001).

### III. Analysis

WET argues that the trial court erred in denying its motion to compel TJ's Automotive's and Barraza's claims to arbitration. There is no dispute about whether

the arbitration agreement is valid. But there is a dispute over whether the agreement encompasses whether WET and TJ's Automotive are competitors and whether TJ's Automotive, a non-signatory, can be compelled to arbitrate.

## A.      Choice of Law

As a preliminary matter, we address the choice-of-law provision within the employment agreement because it does not specifically invoke the Federal Arbitration Act or the Texas Arbitration Act. WET argues that both the FAA and TAA apply except where the FAA preempts the TAA.  TJ's Automotive and Barraza do not challenge that assertion.

Here, the choice-of-law provision states that the employment agreement will be governed by "the laws of the State of Texas."  The law of Texas includes the substantive principles that Texas courts would apply. *See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63–64 (1995). The FAA is part of the substantive law of Texas. *Capital Income Props. v. Blackmon*, 843 S.W.2d 22, 23 (Tex. 1992) (per curiam). Because the choice-of-law provision does not specifically exclude the application of federal law, the FAA and the TAA apply. *In re Devon Energy Corp.*, 332 S.W.3d 543, 547 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding); *see In re L&L Kempwood Assocs., L.P.*, 9 S.W.3d 125, 127–28 (Tex. 1999). Arbitrability is analyzed the same way under the FAA and the

4

TAA. *Rodriguez v. Tex. Leaguer Brewing Co. L.L.C.*, 586 S.W.3d 423, 427 (Tex. App.—Houston [14th Dist.] 2019, pet. denied)

**B.     Scope of the Arbitration Clause**

Because the parties do not dispute the existence of a valid arbitration agreement, we next determine whether the arbitration clause within the employment agreement covers the issues in TJ's Automotive and Barraza's declaratory judgment action. To do so "courts focus on the factual allegations and not on the legal causes of action asserted." *Henry*, 551 S.W.3d at 115.

Texas and federal law recognize a strong presumption in favor of arbitration. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 521 (Tex. 2015). We "resolve any doubts about an arbitration agreement's scope in favor of arbitration." *FirstMerit Bank*, 52 S.W.3d at 753. This presumption "is so compelling that a court should not deny arbitration '*unless it can be said with positive assurance* that an arbitration clause is *not* susceptible of an interpretation which would cover the dispute at issue.' " *Prudential Secs. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995) (quoting *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990)).

Here, the arbitration clause states that "any controversy or claim arising out of this Employment Agreement, or the breach thereof, shall be settled by binding arbitration." TJ's Automotive and Barraza sought declaratory relief that TJ's

Automotive is not a competitor of WET; that Barraza did not violate the employment agreement by working for TJ's Automotive; that the geographic exclusion in the noncompete clause is overly broad and unnecessary to protect WET's interests; and that even if the employment agreement is enforceable, it is subject to reformation. TJ's Automotive and Barraza assert that TJ's Automotive is not a competitor of WET because TJ's Automotive repairs and maintains consumers' automobiles while WET sells and services commercial car wash equipment and products. Additionally, TJ's Automotive and Barraza argue that Barraza's job duties would mainly be general maintenance in and around TJ's Automotive. They also assert that the geographic exclusion is too broad because it covers about 30,000 square miles and would require Barraza to travel hundreds of miles to find work.

Considering the employment agreement's language, the factual allegations about the businesses' status as competitors and impact of the geographic restrictions, and the presumption favoring arbitration and resolving any doubts about scope in favor of arbitration, it follows that the disputes raised by TJ's and Barraza fall within the scope of the arbitration clause. Put differently, the scope of the noncompete clause "arises out of" the employment agreement.

## C.    Compelling a Non-Signatory to Arbitration

On that basis, WET seeks to compel both TJ's Automotive and Barraza to arbitrate the declaratory judgment claims. But while WET and Barraza are

signatories to the employment agreement, TJ's Automotive is not. Even so, WET argues that non-signatories can be compelled to arbitrate when they file suit based on a contract including an applicable arbitration clause. However, TJ's Automotive argues that it cannot be compelled to arbitrate because it is not seeking a direct benefit from the contract and it is not a business competitor of WET.

First, arbitration is a matter of contract law and can normally only be required of parties that have agreed to it. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986). Arbitration "is a matter of consent, not coercion." *In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185, 192 (Tex. 2007) (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 479 (1989)). Generally, an arbitration agreement will not bind non-signatories. *GM Oil Props., Inc. v. Wade*, No. 01–08–00757–CV, 2012 WL 246041, at \*6 (Tex. App—Houston [1st Dist.] Jan. 26, 2012, no pet.) (mem. op.). That said, there are certain circumstances that a non-signatory can be bound to, or allowed to enforce, an arbitration agreement. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005) (listing six circumstances in which non-signatories may be bound).

Under the doctrine of equitable estoppel, a party seeking the direct benefits of a contract cannot also avoid the burdens of a contract, including an arbitration agreement. *Id.* "[W]hether a claim seeks a direct benefit from a contract containing an arbitration clause turns on the substance of the claim, not artful

7

pleading." *Weekley Homes*, 180 S.W.3d at 131–32. To be considered a direct benefit, that benefit must flow directly from the contract and not just relate to the contract. *Kellogg Brown & Root*, 166 S.W.3d at 741. It is not enough for equitable estoppel to apply if the benefits are insubstantial or indirect. *Weekley Homes*, 180 S.W.3d at 134.

WET argues that when a party sues based on a contract that party is subjected to the contract's terms. But "although a non-signatory's claim may relate to a contract containing an arbitration provision, that relationship does not, in itself, bind the non-signatory to the arbitration provision." *Kellogg Brown & Root*, 166 S.W.3d at 741. In *Weekley Homes* and *Kellogg Brown & Root*, the Court expounded on what it means to sue "based on a contract," stating that the non-signatory can be compelled to arbitrate if it is seeking a direct benefit from the contract that has an arbitration clause. *Weekley Homes*, 180 S.W.3d at 131; *Kellogg Brown & Root*, 166 S.W.3d at 741. Here, TJ's Automotive is not seeking to enforce a provision of the employment agreement; instead, it seeks a finding that the contract does not apply to it. *Cf. FirstMerit Bank*, 52 S.W.3d at 752–53, 755–56 (a non-signatory sued a signatory for breach of contract, revocation of acceptance, and breach of warranty thereby subjective itself to the arbitration clause).

WET relies on *Weekley Homes* to argue that TJ's Automotive's claims are brought on the contract and must be arbitrated because at least some of TJ's

Automotive's claims can only be determined by referring to the employment agreement. 180 S.W.3d at 132. In *Weekley Homes*, the non-signatory sought "substantial and direct benefits" when she demanded extensive repairs to the home she lived in, and when she requested and received reimbursement for expenses incurred while repairs were made. *Id.* at 133. The non-signatory obtained "these substantial actions from Weekley by demanding compliance with provisions of the contact," so the non-signatory could not avoid the contract's arbitration clause. *Id.*

By contrast, TJ's Automotive has not sought to enforce any aspect of the employment agreement and is not trying to hold WET liable under it. Instead, TJ's Automotive seeks to prevent the employment agreement from being applied here at all. Because TJ's Automotive is a non-signatory not seeking a direct benefit from the employment agreement, it cannot be compelled to arbitrate under the employment agreement. *See Kellogg Brown & Root*, 166 S.W.3d at 739–40.

## D.     Compelling a Signatory to Arbitration

At any rate, WET argues that the trial court erred by denying WET's motion to compel Barraza to arbitration because he has signed the employment agreement. Barraza does not argue that he cannot be compelled to arbitration. The party seeking to compel arbitration must establish that a valid arbitration agreement exists and that the claims at issue fall under the agreement. *Venture Cotton Coop. v. Freeman*, 435 S.W.3d 222, 227 (Tex. 2014).

There is a valid arbitration agreement here. WET and Barraza signed an agreement with an arbitration clause requiring that "any controversy or claim arising out of this Employment Agreement, or the breach thereof shall be settled by binding arbitration." Once the party seeking to compel arbitration meets this burden, that burden shifts, and the opposing party must prove an affirmative defense to the provision's enforcement. *Id.* "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *In re Serv. Corp. Int'l*, 85 S.W.3d 171, 174 (Tex. 2002). Barraza asks the courts to decide whether a violation of the employment agreement occurred, but those claims raised by TJ's Automotive and Barraza fall within the scope of the arbitration agreement, so they are for an arbitrator to decide. Barraza raises no affirmative defenses to prevent the enforcement of the arbitration clause. The trial court therefore erred by denying WET's motion to compel Barraza to arbitrate.[1]

## IV. Conclusion

We conclude that the employment agreement's arbitration clause encompasses these claims and that parties to that agreement must be compelled to

---

[1] *See Merrill Lynch Trust Co. FSB*, 235 S.W.3d at 190–92 (allowing arbitration to proceed regarding some parties but not others).

arbitration, but that the non-signatory here may not.[2] Thus, we affirm in part and reverse in part. We affirm the trial court's order denying WET's motion to compel arbitration with TJ's Automotive, and we reverse the trial court's order denying WET's motion to compel arbitration with Barraza. We remand this case to the trial court for further proceedings consistent with this opinion.

<div style="margin-left:50%">

Sarah Beth Landau
Justice

</div>

Panel consists of Justices Goodman, Landau, and Countiss.

---

[2] The FAA and TAA require that the litigation of issues subject to arbitration should be stayed and the arbitration should be given priority. *See Merrill Lynch Trust Co. FSB,* 235 S.W.3d at 195–96.